**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**LUZ V. RIVERA MACHICOTE,**

        **Plaintiff,**

-vs-                                                 **Case No.  2:03-cv-679-FtM-DNF**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**
_____/

**ORDER**

The Plaintiff Luz V. Rivera Machicote, *pro se* seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Disability Insurance Benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision is **AFFIRMED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

**I.  Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful

activity which exists in the national economy.  42 U.S.C. §§423(d)(2), 1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

On April 16, 1998, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), asserting a disability onset date of April 1, 1992.  (Tr. p. 46-46-49).  Her claim was denied initially on June 29, 1998, and denied upon reconsideration on August 19, 1998.  (Tr. p. 32-33).  A hearing was held before Administrative Law Judge Ramon E. Quiñonez ("ALJ") on March 2, 1999.  (Tr. p. 18-28).  The ALJ's decision dated May 21, 1999, denied Plaintiff's claim for benefits.  (Tr. p. 12-14).  At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since her onset date.  (Tr. p. 12, 14).  The date Plaintiff was last insured was December 31, 1995.  (Tr. p. 13).  At Step 2, the ALJ found that Plaintiff did not have any impairment or combination of impairments, from April 1, 1992 through December 31, 1995, which significantly limited her ability to perform basic work related activities, therefore, the ALJ found Plaintiff did not have a severe impairment.  (Tr. p. 14).  Accordingly, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act, at any time from April 1, 1992 through December 31, 1995.  (Tr. p. 14).  Plaintiff sought review by the Appeals Council, which denied review on May 17, 2002.  (Tr. p. 3-5).

Plaintiff sought review of this decision by the United States District Court on December 17, 2003.  (Doc. 1).  The Commissioner filed a Motion to Dismiss, or in the Alternative Motion for Summary Judgment (Doc. 16) arguing that Plaintiff's Complaint was not timely filed.  The Court denied the Motion to Dismiss or in the Alternative Motion for Summary Judgment finding that Plaintiff had made a reasonable showing that the notice of the decision denying her claim was not sent

to the proper address. (See, Doc. 27). Thereafter, the Commissioner filed a Motion to Remand (Doc. 34) to search for the tape of the hearing. On December 9, 2004, the Court entered an Order (Doc. 35) remanding this case to the Commissioner. On January 18, 2005, the Court granted the Commissioner's Motion to Reopen the case. (See, Doc. 39). The case is now ready for review.

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *Crawford v. Commissioner of Social* Security, 363 F.3d 1155, 1158 (11th Cir. 2004), *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Crawford,* 363 F.3d at 1158, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Id*. at 1158-9, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Shinn ex rel. Shinn v. Commissioner of Social Security*, 391 F.3d 1276, 1282 (11th Cir. 2004), Crawford, 363 F.3d at 1158, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery*

*v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### II. Review of Facts and Conclusions of Law

### A. Background Facts

Plaintiff was born on May 12, 1951, and was 47 years old on the date of the hearing. (Tr. p. 21). She testified that she has a fourth grade education and obtained a GED. (Tr. p. 21). She graduated from vocational school as a beautician, and also as a practical nurse. Her past relevant work was as a practical nurse. (Tr. p. 22). Her duties included bathing patients, changing the beds, and feeding patients. (Tr. p. 22). She last worked in 1992 or 1993. (Tr. p. 22). She testified that she stopped working because of her allergies which were eczema. (Tr. p. 22-23). She had the eczema on her right arm, face, and hip. (Tr. p. 23). Plaintiff testified that her symptoms included dry skin, cracked skin, and she had pain. (Tr. p. 23). She was prescribed cream which alleviated some of her symptoms. (Tr. p. 23). She testified that she also has problems with her nerves including depression. (Tr. p. 24). She started getting treatment in 1998. (tr. p. 24). She was treated by Mental Health of Carolina. (Tr. p. 24). Plaintiff also suffers from high blood pressure, but she feels no symptoms. (Tr. p. 24-25). She takes medication for her high blood pressure. (Tr. p. 27). Due to her allergies, she is unable to sit or stand for a long time, and cannot push, pull, and grab with her hands. (Tr. p. 26).

### 1. Medical History

The file does not contain a great deal of medical records. On August 4, 1992, Plaintiff visited a Clinic for a headache. (Tr. p. 111). In 1992, she went to the Family Health Centers for cramping and pain in her pelvis. (Tr. p. 108). On May 27, 1993, Plaintiff went to Family Health Centers for

allergies.  (Tr. p. 106).   A topical cream was prescribed.  (Tr. p. 106).  Plaintiff returned to Family Health Centers complaining of pain in her pelvis and to get her prescriptions renewed.  (Tr. p. 102-105).  On June 7, 1994, Plaintiff was admitted to Yale New Haven Hospital with a fibroid uterus and menometrorrhagia.  (Tr. p. 77-94).  Her uterus, ovaries and fallopian tubes were removed. (Tr. p. 78). On June 24, 1994, the doctor's report indicates that Plaintiff was healing well.  (Tr. p. 80).  None of Plaintiff's symptoms relating to her claim of disability appear to be related to this surgery.  In 1995, Plaintiff reported that she felt a little depressed, but that she was sleeping well, and had no suicidal thoughts.  (Tr. p. 96).

### 2. State Evaluation

On August 18, 1998, a Psychiatric Review Technique form was completed.  (Tr. p. 112-113). The reviewer found no medically determinable impairments.  (Tr. p. 112).

### B.  Specific Issues

Plaintiff is proceeding *pro se*.  From her Memorandum of Law (Doc. 41), it appears that Plaintiff is claiming that substantial evidence does not support the ALJ's decision that on or before December 31, 1995, Plaintiff had no impairments that significantly limited her ability to perform work activity.  In Plaintiff's Memorandum, she argues that her physical and mental state are deteriorating. She states that on May 13, 2002, she was hospitalized with diabetes mellitus, and high blood pressure. She was hospitalized again on January 12, 2004, for pancreatitis, high blood pressure and diabetes. She asserts that her mental health is worse, and that she is in constant pain from her allergies. Although the Court sympathizes with Plaintiff's medical problems, the Social Security Act is clear that a disability must be proven to exist during the time that the claimant is insured.  *Tanner v. Apfel*,

2000 WL 726891, *5 (S.D. Ala 2000), *citing*, *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979).[1] Plaintiff's insured status expired on December 31, 1995. The Court will focus on the medical evidence that is reflective of an alleged disability that existed prior to the date last insured.

The ALJ found that Plaintiff did not have any impairment or combination of impairments which significantly limited her ability to perform basic work. The only evidence found in the medical records was her allergies and a note that Plaintiff felt a little depressed.

At Step 2 of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. By definition, this inquiry is a "threshold" inquiry. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). It allows only claims based on the most trivial impairments to be rejected. *Id*. In the Eleventh Circuit, an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). A claimant has to burden to show that his impairment is not so slight and its effect not so minimal, and this burden is mild. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). The Court recognizes that the burden on Plaintiff is low, nonetheless she must meet her burden to show that her impairments are severe. Plaintiff has failed to show that her allergies or feeling a little depressed had interfered with her ability to work on or before December 31, 1995.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### III. Conclusion

Accordingly, the ALJ's decision is consistent with the requirements of law and supported by substantial evidence. Therefore, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this 10th day of August, 2005.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record